## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Naval Air Norfolk Federal
Credit Union

v.

John D. Durden and
The Barbara Pond Trust

March 17, 1982

Case No. C81-1825

By JUDGE HENRY L. LAM

This case was tried on March 4, 1982. At the conclusion thereof I granted one defendant, The Barbara Pond Trust (hereinafter referred to as "Trust") until March 14, 1982, to file a brief with the court; this has been done.

Following my study of the defendant's memorandum and other aspects of this case, I have concluded that I erred in a preliminary conclusion; that being that the *levy* of the writ of fieri facias commenced on the date of delivery to the High Constable. Section 8.01-478 was amended in 1977 and the amendment provides that the lien *will not commence until actual levy* has been made.

Mr. Ward, the High Constable, testified that he had received the writ but never levied on the defendant Durden's automobile. Thus, under the present Statute the second requirement, actual levy, was not obtained. From that time to the present, a levy has not been made. In the interim, the 1975 Cadillac automobile was transferred by Durden to the "Trust."

Thus, the pending question is whether such conveyance to the Trust will defeat any present effort by the judgment creditor to levy upon said vehicle. My answer to the question is that it does not. The conveyance by Durden

to the "Trust" was a voluntary conveyance. Such amounts to a fraud upon the plaintiff; hence the same should be set aside so that the levy may be pursued.

Why does such conveyance act as a fraud upon the plaintiff judgment creditor? We must turn to the facts for the answer. Reviewing the situation we find that formerly Durden had the vehicle in his possession; that it was owned by him and subject to levy. Had the levy been executed at that time then such lien would have attached. Had this occurred, we may presume that the "Trust" may have intervened claiming a sale could not be undertaken because the property was not Durden's, but in fact belonged to the "Trust." Virginia is a title state and ownership therein is determined by the titled name, to-wit, Durden's. If we, *arguendo*, conclude that the then facts would have shown the "Trust" to be the beneficial owner of the vehicle, then as between the judgment lienor and the "Trust" who had allowed possession and legal title to remain in Durden, the rights of the judgment lienor would have been paramount. If offended, the beneficial owner would have had to look to Durden for redress.

The only known event that prevented the levy was the action of Durden who gave notice to the officer that the vehicle was no longer subject to levy. The delivery of the notice to the officer was done for the sole purpose of informing the officer that the vehicle was no longer his to be levied upon, legal title having passed to the Bankruptcy Court. If at the time he filed his Petition in Bankruptcy he had already transferred title legally to the "Trust", then such vehicle would have been "Trust" property and not subject to the bankruptcy. These actions on his part are indicative of the fact that he did not just forget to complete the transfer but are an obvious acknowledgment of his ownership of the vehicle. Later when the bankruptcy was revoked, such termination removed the restriction earlier imposed upon the officer. In this time span the voluntary transfer to the "Trust" by Durden occurred.

Virginia law is firm in the proposition that a convey-ance of property subject to execution with intent to hinder, delay, or defraud creditors, made upon a consideration deemed voluntary in law, will be set aside so that an

execution may be enforced. In this case, the levy would have been completed if the officer had not been prevented from doing so by the delivery of the notice of bankruptcy. Had such delay not occurred then the levy would have been made and would have predated the transfer. In such cases it matters not what was actually intended by Durden. The law, from the results, will infer fraud where the rights of the judgment creditor have been delayed, hindered, or interfered with. Here the actions of Durden had such consequences.

I rule, therefore, that the plaintiff may proceed with the levy if it now chooses to do so.